## Case No. 2,087.

### BUCKINGHAM v. BURGESS et al.

[3 McLean, 364.][1]

Circuit Court, D. Indiana. May Term, 1844.

PLEADING AND PROOF—GENERAL ISSUE—PARTNERSHIP—ESTOPPEL TO DENY.

1. A defendant may set up in his defence under the general issue, that the plaintiff is one of a partnership, and that the firm is indebted to him in a larger sum than that which the plaintiff demands, it being a part of the same transaction.

[See Jordan v. Wilkins, Case No. 7,527.]

2. An individual who holds himself out to the world as a partner, should be held responsible as such, though in fact he be not a partner.

[At law. Action for work and labor by Mark Buckingham against Richard Burgess and another. Verdict for plaintiff.

[For denial of a motion to dismiss the action for failure to file a sufficient bond as security for costs, see Case No. 2,088.]

Mr. Smith, for plaintiff.
Mr. Newman, for defendants.

OPINION OF THE COURT. This action is brought to recover an amount alleged to be due, for labor in cutting and packing pork. The defendant pleaded the general issue, and, also, payment. There is no dispute as to the performance of the labor, or the amount claimed for it. But the defence mainly rested on an alleged partnership between the plaintiff and the Mahards, who had a large pork house in Cincinnati, and a commission house at New Orleans, to which latter place the pork of the defendants was consigned and sold, but the proceeds were not paid over to them. Many witnesses were

---

[2] See In re Lane [Case No. 8,044].
[1] [Reported by Hon. John McLean, Circuit Justice.]

examined in relation to the alleged partnership.

The court instructed the jury, that if they shall find that a partnership existed between the plaintiff and the Mahards, they should find for the defendants; for independent of any objection as to the name in which the action is brought, it was clearly proved that no part of the proceeds of the defendants' pork had been paid over to them, which greatly exceeded the amount of the plaintiff's demand. And the court also instructed the jury, that if they should find from the evidence, the plaintiff represented to the defendants that a partnership existed between the Mahards and himself, with the view of inducing them to employ the plaintiff to kill and pack their pork, and forward it to the house in New Orleans for sale, that they should find for the defendants, whether a partnership existed or not. An individual by holding himself out to the world as a partner, and thereby obtains credit himself, or gives credit to the firm, will be held responsible as a partner. This principle is founded upon considerations of morality and sound policy.

The jury found for the plaintiff.

[NOTE. For another case apparently between the same parties, and for the same cause of action, see Case No. 2,089.]